TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00062-CR







Mario Chacon, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0965349, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING







 A jury found appellant guilty of burglary of a habitation. Tex. Penal Code Ann. § 30.02(a)
(West 1994). The trial court assessed punishment, enhanced by previous convictions, at forty-five years'
confinement. Appellant raises three points of error contending that the evidence is legally and factually
insufficient to support his conviction and that the arresting officers did not have probable cause to arrest
him. We will affirm the judgment of conviction.


Facts


 On August 27, 1996, the complainant returned home about 10:00 a.m. to discover
someone inside his house. He immediately went next door and called the police. Although he kept a
lookout until the police arrived, the person who was inside the house escaped undetected. When the police
arrived, the complainant went with the officers inside the house. He found his house in disarray, a number
of items missing, and several other items readied for removal. A floor safe in the bedroom had been pried
from the floor and bore marks suggesting that someone had tried to beat it open. Although all of the doors
and windows were secured, the police found a hole knocked in the sheetrock wall of an outside storage
closet which was the burglar's probable point of entry. 


Sufficiency of the Evidence


 By points of error one and two, appellant challenges the legal and factual sufficiency of the
evidence to support the jury's finding that appellant did not have consent to enter the complainant's house. 


 In determining the legal sufficiency of the evidence to support a criminal conviction, the
question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier
of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307 (1979), Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v.
State, 614 S.W.2d 155 (Tex. Crim. App. 1981). When conducting a factual sufficiency review, we do
not view the evidence in the light most favorable to the verdict. Instead, we consider all the evidence
equally, including the testimony of defense witnesses and the existence of alternative hypotheses. Orona
v. State, 836 S.W.2d 319 (Tex. App.--Austin 1992, no pet.). We will set aside a verdict for factual
insufficiency only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d
375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed). 

 The jury is the exclusive judge of the credibility of the witnesses and the weight to be given
their testimony, and may accept or reject all or any part of the evidence. Flanagan v. State, 675 S.W.2d
734, 736 (Tex. Crim. App. 1984); Tex. Code Crim. Proc. art. 38.04 (West 1979). Reconciliation of
evidentiary conflicts is solely a function of the trier of fact. Miller v. State, 909 S.W.2d 586, 593 (Tex.
App.--Austin 1995, no pet.) (citing Bowden v. State, 628 S.W.2d 782, 787 (Tex. Crim. App. 1982). 
The jury may draw reasonable inferences and make reasonable deductions from the evidence. Benevides
v. State, 763 S.W.2d 587, 588-89 (Tex. App.--Corpus Christi 1988, pet. ref'd). 

 A person commits burglary if, without the effective consent of the owner, he enters a
habitation with intent to commit a felony or theft. Penal Code § 30.02(a). Without proof that appellant
lacked the effective consent of the owner, the burglary conviction cannot stand. Eppinger v. State, 800
S.W.2d 652, 653 (Tex. App--Austin 1990, pet. ref'd). Lack of consent may be proven circumstantially. 
Taylor v. State, 508 S.W.2d 393, 397 (Tex. Crim. App. 1974). Consent means assent in fact, whether
express or apparent. Tex. Penal Code Ann. § 1.07 (a)(9) (West 1994). There are no "magic words"
which must be used to establish lack of consent. Prescott v. State, 610 S.W.2d 760 (Tex. Crim. App.
1981). 

 Appellant contends the complainant failed to state specifically that he did not give appellant
consent to enter his home. Appellant contends the only facts established by the complainant's testimony
were that he came home and he suspected an intruder had been in his home. The State concedes that the
complainant was never asked whether he had consented to someone breaking through his wall, ransacking
his house, or stealing his possessions. However, the State contends that based on other testimony, the
complainant made it clear that he had been the victim of a burglary and did not consent to appellant entering
his house. 

 Although the complainant did not use specific words at trial, we agree with the State there
was evidence from which the jury could infer that the complainant did not give appellant consent to enter
his home. Repeatedly, the complainant referred to the events of August 27 as a burglary and the person
in his house as a burglar. The complainant testified that only he and his wife had keys to the house. Finally,
as soon as the complainant realized someone other than his wife was inside the house, he went next door
and called the police. This action is inconsistent with having given consent to appellant to enter his home. 


 We hold that the evidence is legally and factually sufficient to support the jury's
determination that the complainant did not consent to appellant entering his house. We overrule points of
error one and two. 


Probable Cause


 By point of error three, appellant contends that the court erred by denying his motion to
suppress evidence because the arresting officers did not have probable cause to arrest him. 

 At the suppression hearing, the State had to show that at the time of the arrest, the facts
and circumstances within the officer's knowledge, of which he had reasonably trustworthy information,
were sufficient to warrant a person of reasonable caution in the belief that an offense was being or had been
committed. Amores v. State, 816 S.W.2d 407 (Tex. Crim. App. 1991). The sum of all information
available to all officers participating in the arrest should be considered by the court in making its probable
cause determination. Muniz v. State, 851 S.W.2d 134 (Tex. 1993). 

 At the hearing, the trial court is the sole judge of the credibility of the witnesses and the
weight of their testimony. Dubose v. State, 915 S.W.2d 493, 496 (Tex. Crim. App. 1996). The appellate
court must view the evidence in the light most favorable to the trial court's ruling and reverse only for an
abuse of discretion. Daniels v. State, 718 S.W.2d 702, 704 (Tex. Crim. App.), cert. denied, 479 U.S.
885 (1986). 

 Officer Jeffrey Hellmer testified that several neighbors of the complainant reported to 911
that a Hispanic male, short in height, thin, with a receding hairline, wearing a white t-shirt, blue jeans, and
white sneakers was in the area and acting suspiciously. Reports were that this man was jumping fences,
hiding next to houses, and ducking in and out of drains. 

 Officer James Lara testified that about one hour after the burglary, he responded to a call
from a woman who saw a man fitting the description of the suspicious man a couple of blocks from her
house, which was about three miles from the complainant's house. The woman explained that she had been
in the complainant's neighborhood that day about 10:30 a.m. house hunting. Seeing several police cars, she
had stopped, talked with an officer, and heard the description of the suspicious person in appellant's
neighborhood. Officer Lara left the woman's house, drove a few blocks, and found appellant emerging
from a wooded area. As Lara approached appellant, Hellmer approached from the opposite direction and
also stopped. Hellmer testified that appellant fit exactly the description of the suspicious person that had
been in the complainant's neighborhood.

 Lara performed a pat-down search of appellant because he thought appellant could be the
burglar, and he knew that burglars often stole weapons so appellant could be armed. He found a lock-blade knife in appellant's left front pocket and a two-tone bone-colored lock-blade knife in his right rear
pocket. Hellmer told Lara that knives were among the property stolen from the complainant and that one
of the knives was "obviously" taken from the complainant's home. While Lara waited with appellant,
Hellmer took one of the knives back to the complainant for identification. After the complainant identified
the knife as his, Hellmer radioed the information to Lara who arrested appellant for the burglary.

 Appellant contends that, at the time Lara and Hellmer stopped him, he was two to three
miles away from the site of the offense, walking down the street, and not acting suspiciously. Appellant
contends that the officers stopped him only based on a hunch and general characteristics which are
insufficient to constitute probable cause to stop and arrest. 

 Viewing the evidence in the light most favorable to the court's ruling, we hold that the trial
court did not abuse its discretion when finding that the officers had probable cause to arrest appellant. Both
officers were investigating the burglary. Both had a detailed description of the suspicious individual seen
jumping fences and hiding in the complainant's neighborhood just after the burglary. Officer Hellmer
testified that appellant fit the description of the suspicious individual exactly. It was reasonable for the
officers to infer that the suspicious acting individual committed the burglary. Finally, though the arrest
occurred away from the scene of the offense, it was entirely likely that a burglar could have made his way
three miles from the site of the burglary in an hour. We overrule point of error three.


Conclusion


 We affirm the judgment of conviction.


 Mack Kidd, Justice


Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participating

Affirmed

Filed: March 26, 1998

Do Not Publish



aking its probable
cause determination. Muniz v. State, 851 S.W.2d 134 (Tex. 1993). 

 At the hearing, the trial court is the sole judge of the credibility of the witnesses and the
weight of their testimony. Dubose v. State, 915 S.W.2d 493, 496 (Tex. Crim. App. 1996). The appellate
court must view the evidence in the light most favorable to the trial court's ruling and reverse only for an
abuse of discretion. Daniels v. State, 718 S.W.2d 702, 704 (Tex. Crim. App.), cert. denied, 479 U.S.
885 (1986). 

 Officer Jeffrey Hellmer testified that several neighbors of the complainant reported to 911
that a Hispanic male, short in height, thin, with a receding hairline, wearing a white t-shirt, blue jeans, and
white sneakers was in the area and acting suspiciously. Reports were that this man was jumping fences,
hiding next to houses, and ducking in and out of drains. 

 Officer James Lara testified that about one hour after the burglary, he responded to a call
from a woman who saw a man fitting the description of the suspicious man a couple of blocks from her
house, which was about three miles